**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **LAST CHANCE RANCH** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO. 24-1656** |
| | : | |
| **LOREN J. MCCUTCHEON, *et al.*** | : | |

**MEMORANDUM OPINION**

**HENRY, J.** **SEPTEMBER 17, 2026**

On July 23, 2026, a jury found Defendants, Loren J. McCutcheon, and Noah's Ark Educational Zoo, Inc., liable to Plaintiff, Last Chance Ranch, for two counts of willful trademark infringement and two counts of unfair competition. The jury also found Defendant McCutcheon only liable for cyberpiracy. Plaintiff opted to recover statutory damages under 15 U.S.C. § 1117(c) instead of actual damages and profits under 15 U.S.C. § 1117(a). The parties briefed their positions as to the appropriate amount of statutory damages that should be awarded, and on September 15, 2026, I entered a judgment in favor of Plaintiff in the total amount of $975,000. I also reserved judgment as to the amount of attorneys' fees to which Plaintiff is entitled pending submission of a fee petition and/or affidavit. This opinion explains my findings.

## I. COUNTERFEIT TRADEMARK INFRINGEMENT

Pursuant to the Lanham Act, a plaintiff that has proven liability for the use of a counterfeit mark may recover statutory damages between $1,000 and $200,000 per mark, and up to $2,000,000 per mark where the infringement is willful. 15 U.S.C. § 1117(c)(1); (c)(2). In the case of counterfeit marks, the statute prescribes that the damages shall be calculated "per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just…" *Id.* Section 1117(c)(2) does not provide guidelines for courts determining an appropriate award, but rather leaves it to each court's discretion to award an amount it considers

just. *DGU Grp. Inc. v. Individuals, Partnerships , & Unincorporated Associations Identified on Schedule "A",* No. 23-2022, 2024 WL 1604013, at *5 (E.D. Pa. Apr. 12, 2024). "In the absence of clear guidelines for setting a statutory damage award, courts have tended to use their wide discretion to compensate plaintiffs, as well as to deter and punish defendants, often borrowing from factors developed in fixing a statutory damage award for copyright infringement." *Louis Vuitton Malletier & Oakley, Inc. v. Veit*, 211 F. Supp. 2d 567, 583 (E.D. Pa. 2002). In assessing statutory damages, courts consider a variety of factors, including "(1) the expenses saved and the profits reaped; (2) the revenues lost by the plaintiff; (3) the value of the marks; (4) the deterrent effect on others besides the defendants; (5) whether the defendants' conduct was innocent or willful; (6) whether the defendants cooperated in providing records from which to assess the value of the infringing material; and (7) the potential for discouraging defendants." *DGU Grp, Inc.*, 2024 WL 1604013, at *5.

In the instant matter, the jury found both McCutcheon and Noah's Ark liable for willful infringement of Plaintiff's word and illustration marks through use of counterfeit marks. See Verdict Forms, ECF Nos. 72 and 73. Accordingly, Plaintiff is entitled to recover between $1,000 and $2,000,000 per mark per type of goods or services sold.

First, it is undisputed that there are two marks, a word mark and an illustration mark. However, the parties disagree as to how many different types of services Plaintiff offers. Plaintiff argues that it offers charitable services (fundraising services by means of organizing special events for the rescue and adoption of animals), animal rescue services in the nature of the boarding of animals and animal rescue services in the nature of arranging for the adoption of rescued animals. See Pl's Memo, ECF No. 80, p. 3. Plaintiff states that each of these services is recognized as a distinct class of services with a distinct classification number at the US Patent

and Trademark Office. *Id*., n. 1. Defendants argue that separate USPTO classes do not necessarily constitute separate types of services, and that the three services listed by Plaintiff are all components of one service, animal rescue activities. Defs' Reply, ECF No. 81, p. 2. Upon review of the trial testimony, I find that Plaintiff properly established that it provides three different types of services; fundraising, boarding and adoption. I further find Plaintiff established that Defendants infringed on both the word mark and the illustration mark as to all three types of offered services. Accordingly, I must calculate the amount of statutory damages based upon Plaintiff's three different types of services offered.

Next, Plaintiff argues that it is entitled to statutory damages to be calculated "per Defendant (two Defendants, both liable…)." Pl's Memo, p. 4. In short, Plaintiff seeks a set amount of damages for 6 instances of counterfeiting (2 marks, 3 service areas) per Defendant (2 Defendants), or 12 total instances of counterfeiting. Defendants object to Plaintiff's multiplication of damages by two Defendants, arguing that Plaintiff is seeking "separate awards for the same infringing uses." Defs' Reply, p. 2. In response, Plaintiff argues that the jury found separate liability for counterfeiting against McCutcheon and Noah's Ark and that "[d]amages should be assessed in view of the jury's verdict of liability against each defendant." Pl's Reply Brief, ECF No. 82, p. 4. I find Plaintiff's argument to be unpersuasive on this issue.

First, a review of the Complaint in this matter shows that with very few exceptions, all allegations of infringement are pled as joint actions taken by both Defendants. Further, Plaintiff's evidence presented at trial did not set forth any genuine distinction between McCutcheon's infringement and Noah's Ark's infringement. Lastly, McCutcheon resigned from Last Chance Ranch in 2017 and Noah's Ark was formed in 2018, so there was very little time during which McCutcheon could commit infringement when she was not affiliated with Noah's Ark. Plaintiff

has cited to no authority to support its contention that it is entitled to double damages based upon the liability of both Defendants, nor could I locate any. Defendants were related and jointly participated in the infringement of Plaintiff's marks. Accordingly, I will not multiply my statutory damages calculation by two for the number of defendants who were found to be liable by the jury, as that would result in a windfall for Plaintiff.

Therefore, I find it just for the statutory damages calculation to be based upon two counterfeit marks and three different services offered, for a total of six instances of counterfeiting. In order to arrive at a final number, I must examine the seven factors listed above to decide what amount is appropriate per instance of counterfeiting. In examining those factors, I first note that because Plaintiff and Defendant Noah's Ark are both non-profits, expenses saved, profits gained and revenues lost are difficult to calculate. Adding to this difficulty was Defendants' lack of responsiveness to Plaintiff's discovery requests. All of this led Plaintiff, by its own account, to seek statutory damages as opposed to actual damages. I note that the evidence presented at trial showed that Plaintiff's marks have been used continuously for over 25 years, are well-known in the animal rescue community and are valuable to Plaintiff. Further, the evidence showed that Defendants' use of the marks posed potential harm to the goodwill that Plaintiff has developed in the animal rescue community, even if that harm may have been unintentional. Most importantly, the jury found that Defendants' infringing conduct was willful, and this willful conduct continued for almost a decade. Therefore, after examining the factors and applying the relevant facts, I must come up with a damages amount that will reasonably compensate Plaintiff and also serve as a future deterrent to Defendants and other potential infringers. Plaintiff requests a per counterfeiting damages assessment of $250,000, which when multiplied by six instances of counterfeiting would amount to a total award for infringement of

$1,500,000. I find this amount to be excessive and decline to award $250,000 per instance of infringement.

In taking all the evidence into consideration, and using my discretion, as I am permitted to do when determining statutory damages, I find an amount of $150,000 per infringement would be a just amount to compensate Plaintiff and also deter Defendants from future infringements. A $150,000 per infringement award is also well within the statutory limit for willful infringement. This amount is based upon the value and goodwill that Plaintiff had accumulated in the marks over the years, as well as Defendants' years of willful infringement. Based upon six total instances of infringement, I find total statutory damages for infringement in the amount of $900,000 is just.

## II. CYBERPIRACY

15 U.S.C. § 1117(d) permits a plaintiff that has proven liability for cyberpiracy to recover statutory damages in the amount of not less than $1,000 and not more than $100,000 per domain name, as the court considers just. *Louis Vuitton*, 211 F.Supp.2d at 585; 15 U.S.C. § 1117(d). In the instant matter, the jury found that Defendant McCutcheon committed cyberpiracy by her use of the domain name http://lorislastchanceranch.org. An award of statutory damages in cyberpiracy claims "both [ ] deter[s] wrongful conduct and [ ] provide[s] adequate remedies for trademark owners who seek to enforce their rights in court." *Elecs. Boutique Holdings Corp. v. Zuccarini*, No. 00-4055, 2000 WL 1622760, at *7 (E.D. Pa. Oct. 30, 2000).

Because McCutcheon knowingly incorporated Plaintiff's word mark into her domain name, I find that a significant award of damages is necessary to provide an adequate remedy. Accordingly, I will award Plaintiff $75,000 in statutory damages for cyberpiracy.

## III. ATTORNEYS' FEES AND PREJUDGMENT INTEREST

15 U.S.C. § 1117(a) allows for an award of attorneys' fees to a prevailing party for infringement or cyberpiracy in "exceptional cases." 15 U.S.C. § 1117(a). Although the Lanham Act is silent as to whether prejudgment interest should be awarded, some courts have permitted an award of prejudgment interest also in "exceptional cases." *N.V.E., Inc., v. Day*, No. 07-4283, 2009 WL 2526744, at *5 (D.N.J. Aug. 18, 2009). "Willful and deliberate trademark infringement constitutes an exceptional case for purposes of attorneys' fees and prejudgment interest." *Id.*

In this matter, due to Defendants' willful usage of Plaintiff's marks for a period of many years, I find that an award of attorneys' fees is appropriate. Plaintiff states that its attorneys' fees total $489,905 from March 13, 2024, to July 23, 2026, claiming that it has fully paid this amount to its attorneys. Pl's Memo, p. 12. However, because the statute states that the court may award "reasonable" attorneys' fees, I cannot award that amount without reviewing its reasonableness. Accordingly, Plaintiff's counsel should submit a fee petition and/or an affidavit setting forth the amount of fees billed for this matter, and upon review and determination of reasonableness, I will supplement the judgment in this matter with the amount of attorneys' fees awarded. I also will use my discretion to decline to award prejudgment interest, as the statute does not specifically state that it should be awarded.

## IV. CONCLUSION

For the reasons discussed more fully above, a judgment in the amount of $975,000 in favor of Plaintiff in this matter is appropriate, together with an award of attorneys' fees.